AO 241 (Rev. 10/07)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern District of New York |
|---|---|
| Name (under which you were convicted): SHAUN MARTIN | Docket or Case No.: |
| Place of Confinement: Coxsackie Correctional Facility | Prisoner No.: 16 A 4973 |
| Petitioner (include the name under which you were convicted) SHAUN MARTIN | v. | Respondent (authorized person having custody of petitioner) RAYMOND SHANLEY |

The Attorney General of the State of NEW YORK

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Supreme Court of the State of New York, 100 Center Street, New York, New York 10013

   (b) Criminal docket or case number (if you know): N.Y. Co. Ind. No. 2043/2014

2. (a) Date of the judgment of conviction (if you know): 11/4/2016

   (b) Date of sentencing: 11/4/2016

3. Length of sentence: Twenty years to life

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
Murder in the Second Degree (NYPL §125.25 [2]); Aggravated Vehicular Homicide (NYPL §125.14) (two counts); Assault in the First Degree (NYPL 120.10 [3]); (two counts); Aggravated Vehicular Assault (NYPL §120.04-a [4]) (four counts); Reckless Endangerment in the First Degree (NYPL 120.25); Operating a Motor Vehicle Under the Influence of Drugs (VTL §1192 [4]) (Three Counts); Assault in the Third Degree (NYPL 120.00 [2]); and, Criminal Possession of a Controlled Substance in the Seventh Degree (NYPL §220.03)

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty      ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty          ☐ (4) Insanity plea

AO 241 (Rev. 10/07)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?
N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☒ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court:   Appellate Division, First Judicial Department

(b) Docket or case number (if you know):   2018-5071

(c) Result:   Judgement affirmed

(d) Date of result (if you know):   7/5/2022

(e) Citation to the case (if you know):   207 A.D.3d 403 (1st Dept. 2022)

(f) Grounds raised:
Whether the evidence was legally or factually sufficient to establish Petitioner's guilt beyond a reasonable doubt; whether the trial court properly denied Petitioner's post-judgment motion, after a hearing to vacate judgment on the grounds of ineffective assistance of counsel

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court:   Court of Appeals

(2) Docket or case number (if you know):

(3) Result:   Leave to Appeal - denied

(4) Date of result (if you know):   9/29/2022

AO 241          Page 4
(Rev. 10/07)

    (5) Citation to the case (if you know):    38 N.Y.3d 1189

    (6) Grounds raised: Whether the Petitioner was denied the effective assistance of counsel under State and federal law such that a new trial should be ordered.

  (h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know):    n/a

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a)    (1) Name of court:    Supreme Court of the State of New York, New York County

    (2) Docket or case number (if you know):    N.Y. Co. Ind. No. 2043/2014

    (3) Date of filing (if you know):    1/5/2018

    (4) Nature of the proceeding:    post-judgement motion to vacate the judgement of conviction

    (5) Grounds raised: The motion to vacate, pursuant to CPL Section 440.10(1)(h) on the grounds that Petitioner's federally and State guaranteed rights to the effective assistance of counsel were violated.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?    ☒ Yes    ☐ No

    (7) Result:    The motion after a hearing was denied.

    (8) Date of result (if you know):    11/7/2021

AO 241
(Rev. 10/07)

Page 5

 (b) If you filed any second petition, application, or motion, give the same information:

  (1) Name of court:

  (2) Docket or case number (if you know):

  (3) Date of filing (if you know):

  (4) Nature of the proceeding:

  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes   ☐ No

  (7) Result:

  (8) Date of result (if you know):

 (c) If you filed any third petition, application, or motion, give the same information:

  (1) Name of court:

  (2) Docket or case number (if you know):

  (3) Date of filing (if you know):

  (4) Nature of the proceeding:

  (5) Grounds raised:

AO 241 (Rev. 10/07)

Page 6

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes ☐ No

  (7) Result:

  (8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

  (1) First petition: ☐ Yes ☐ No
  (2) Second petition: ☐ Yes ☐ No
  (3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

GROUND ONE: Petitioner's federally guaranteed right to the effective assistance of counsel was violated.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Defendant was charged with committing crimes requiring the People to prove beyond a reasonable doubt Petitioner's culpable mental state of depraved indifference to human life. Defense counsel failed to call an expert witness to establish Petitioner's intoxication defense.

(b) If you did not exhaust your state remedies on Ground One, explain why:
N/A

AO 241 (Rev. 10/07)                                                                                                              Page 7

(c)  **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   motion to vacate judgement pursuant to CPL 440.10(1)(h)

Name and location of the court where the motion or petition was filed:
Supreme Court of the State of New York, New York County

Docket or case number (if you know):   N.Y. Co. Ind No.: 2043/14

Date of the court's decision:   11/7/2021

Result (attach a copy of the court's opinion or order, if available):
MOTION DENIED

(3) Did you receive a hearing on your motion or petition?                                                    ☒ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?                                               ☒ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Appellate Division, First Judicial Department, 27 Madison Avenue, New York, New York 10010

Docket or case number (if you know):   2018-5071

Date of the court's decision:   7/5/2022

Result (attach a copy of the court's opinion or order, if available):
See Declaration of Counsel
Order denying motion after hearing denied - 207 A.D.3d 403

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
N/A

AO 241 (Rev. 10/07)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:
N/A

**GROUND TWO:**
N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No
    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**
    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
        ☐ Yes  ☐ No
    (2) If your answer to Question (d)(1) is "Yes," state:
    Type of motion or petition:
    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):
    Date of the court's decision:

AO 241 (Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 10/07)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 10/07)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 10/07)

Page 13

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes  ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:
N/A

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:
N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes  ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.
N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes  ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.
N/A

AO 241 (Rev. 10/07)

Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:
        Mitchell Barnett, Esq. 1140 Franklin Avenue, Suite 214, Garden City, New York 11530

    (b) At arraignment and plea:
        Mitchell Barnett, Esq. 1140 Franklin Avenue, Suite 214, Garden City, New York 11530

    (c) At trial:
        Mitchell Barnett, Esq. 1140 Franklin Avenue, Suite 214, Garden City, New York 11530

    (d) At sentencing:
        Aidala, Bertuna & Kamins, P.C. by Barry Kamins, Esq. 546 Fifth Avenue, New York, New York 10036

    (e) On appeal:
        Aidala, Bertuna & Kamins, P.C. by Barry Kamins, Esq. 546 Fifth Avenue, New York, New York 10036

    (f) In any post-conviction proceeding:
        Aidala, Bertuna & Kamins, P.C. by Barry Kamins, Esq. 546 Fifth Avenue, New York, New York 10036

    (g) On appeal from any ruling against you in a post-conviction proceeding:
        Aidala, Bertuna & Kamins, P.C. by Barry Kamins, Esq. 546 Fifth Avenue, New York, New York 10036

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
        N/A

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:  N/A

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
N/A

AO 241
(Rev. 10/07)

Page 15

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 10/07)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:
to grant habeas corpus relief, pursuant to 28 U.S.C. Section 2254

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:
to grant habeas corpus relief, pursuant to 28 U.S.C. Section 2254

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

REN 6721
12/22/23

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.